**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4255
_____

BI XIA CHEN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A77-297-056)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2008

Before: AMBRO, FISHER and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 17, 2012)
_____

OPINION
_____

PER CURIAM

        Petitioner Bi Xia Chen seeks review of a final order by the Board of Immigration

Appeals (ABIA@).  For the reasons that follow, we will deny Chen=s petition.

## I.  Background

Chen is a citizen of China and a native of China=s Fujian Province.  In June 2000, after conceding removability, she filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (ACAT@), claiming that she had been the victim of a forced abortion in China.  After a hearing in April 2001, the IJ found Chen incredible, denied her application, and ordered her removal.  On appeal, the BIA affirmed the IJ=s decision.  Chen did not file a petition for review and did not depart the United States as ordered.  She remained in the United States, had a child in June 2002, married a fellow Chinese citizen in April 2005, and had a second child in September 2005.

Chen filed a motion with the IJ in July 2006 seeking to file a successive asylum application or, in the alternative, to reopen her immigration proceedings based upon the births of her two United States citizen children.  On August 25, 2006, the IJ dismissed the motion for lack of jurisdiction.

Chen filed the same motion with the BIA and also appealed the IJ=s decision.  The BIA denied Chen=s motion, affirmed the IJ=s decision, and dismissed her appeal.

This petition for review followed.

## II.  Analysis

We have jurisdiction over the petition for review pursuant to INA ' 242 [8 U.S.C. ' 1252].  We review the BIA=s findings of fact for substantial evidence.  See INA ' 242(b)(4)(B) [8 U.S.C. ' 1252(b)(4)(B)].  We review legal determinations de novo,

2

subject to the principles of deference articulated in <u>Chevron v. Natural Res. Def. Council</u>, 467 U.S. 837, 844 (1984). <u>See</u> <u>Briseno-Flores v. Att=y Gen.</u>, 492 F.3d 226, 228 (3d Cir. 2007). We review the BIA=s decision to deny Chen=s motion to reopen for abuse of discretion.[1] <u>See</u> <u>Guo v. Ashcroft</u>, 386 F.3d 556, 562 (3d Cir. 2004). We give the BIA=s decision Abroad deference,@ <u>see</u> <u>Ezeagwuna v. Ashcroft</u>, 325 F.3d 396, 409 (3d Cir. 2003), and will uphold it unless it was Aarbitrary, irrational, or contrary to law.@ <u>Tipu v. INS</u>, 20 F.3d 580, 582 (3d Cir. 1994).

A.

Generally, an individual may apply for asylum only once, and must do so within one year of arriving in the United States. <u>See</u> INA ' ' 208(a)(2)(B), (C) [8 U.S.C. ' ' 1158(a)(2)(B), (C)]. However, the INA permits an exception Aif the alien demonstrates . . . the existence of changed circumstances which materially affect that applicant=s eligibility for asylum. . . .@ INA ' 208(a)(2)(D) [8 U.S.C. ' 1158(a)(2)(D)].

Chen argues that INA ' 208 permits an applicant to file a second or successive asylum application based upon changed personal circumstances, such as the birth of United States citizen children. She contends that such a successive asylum application may be filed at any time after entry of a final removal order, without meeting the requirements that generally apply to motions to reopen immigration proceedings. <u>See</u>

---

[1] Chen does not dispute the BIA=s affirmance of the IJ=s decision dismissing her motion for lack of jurisdiction. We therefore need not address the issue because it is waived. <u>See</u> <u>Voci v. Gonzales</u>, 409 F.3d 607, 610 n.1 (3d Cir. 2005).

3

INA ' 240(c)(7) [8 U.S.C. ' 1229a(c)(7)] (generally permitting one motion to reopen, to be filed within ninety days of the final removal order, unless the motion is based upon changed country conditions); 8 C.F.R. ' 1003.2(c)(2) (same).

Consistent with its precedent, the BIA rejected Chen=s proposed approach. See, e.g., In re: C-W-L-, 24 I&N Dec. 346, 351 (BIA 2007). The BIA concluded that, in order to read the provisions concerning successive asylum applications in harmony with the provisions concerning motions to reopen without rendering any portion of either statute superfluous, ASection 208(a)(2)(D) of the Act does not provide an independent basis for filing a late motion to reopen to apply for asylum without the showing of changed country conditions required by section 240(c)(7)(C) of the Act.@ BIA Decision at 2.

We accept the BIA=s approach. As we held in Liu v. Att=y Gen., 555 F.3d 145, 150 (3d Cir. 2009), Awe defer to the BIA=s construction of the INA . . . that after completion of removal proceedings an alien must file an asylum application in conjunction with a motion to reopen and must meet the time and numerical limitations on motions to reopen.@ See also, e.g., Yuen Jin v. Mukasey, 538 F.3d 143, 151 (2d Cir. 2008) (A[C]hanged personal circumstances are insufficient to excuse an alien from the procedural requirements of a motion to reopen.@). Chen is subject to a final removal order and missed the ninety-day deadline for filing a motion to reopen. See INA ' 240(c)(7)(C)(iii) [8 U.S.C. ' 1229a(c)(7)(C)(iii)]. Accordingly, the BIA appropriately rejected Chen=s motion to file a successive asylum application based solely upon changed

4

personal circumstances without also meeting the requirements for filing an untimely motion to reopen.  See Liu, 555 F.3d at 150; INA _ 240(c)(7)(C)(ii) [8 U.S.C. ' 1229a(c)(7)(C)(ii)].

B.

Because she alternatively captioned her filing as a motion to reopen her removal proceedings, the BIA appropriately considered whether Chen successfully met the requirements for a motion to reopen.  See Zheng v. Att=y Gen., 549 F.3d 260, 267-68 (3d Cir. 2008).  To prevail on her otherwise untimely motion to reopen, Chen was required to show Achanged circumstances arising in the country of nationality@ through evidence that Ais material and was not available and could not have been discovered or presented at the previous hearing,@ which was held before the IJ in April 2001.  See 8 C.F.R. ' 1003.2(c)(3)(ii).

The BIA considered whether Chen=s evidence supported a claim that conditions had materially changed for families returning to China with multiple children born outside of China.[2]  As evidence in support of her motion, Chen provided the following: (1) a March 1995 INS profile entitled AFamily Planning Policy and Practice in the

---

[2] In her motion, Chen did not argue materially changed country conditions.  Instead, she relied exclusively on her changed personal circumstances and argued that she should be entitled to reopening of her proceedings based upon an Aimplicit changed personal circumstances exception@ to the time limitation for reopening, and upon equitable tolling.  We find no error in the BIA=s decision to reject both of these arguments.  See BIA Decision at 2.

5

People≈s Republic of China@; (2) a 2005 article entitled ΛHong Kong Pregnant woman Almost Had Forcible Abortion While Visiting Hunan Province@; (3) a 2003 ΛAnnouncement of the Fall family Planning Campaign@ issued by Jieshi Township; and (4) two affidavits, dated may 2004 and January 2005, by demographer John Aird.  See A.R. 37.

The BIA adequately considered Chen≈s proffered evidence and concluded that it was insufficient to establish the necessary material change in the Fujian province coercive population control policy since Chen≈s last hearing in 2001.  Cf., Zheng, 549 F.3d at 268-69.  Citing its precedent, the BIA concluded that the majority of Chen≈s supporting evidence, most particularly the Aird affidavits, had been previously considered and rejected as insufficient to demonstrate changed country conditions.  See, e.g., Matter of J-W-S-, 24 I&N Dec. 185, 191-92 (BIA 2007); Matter of C-C-, 23 I&N Dec. 899, 901-02 (BIA 2006).  The BIA did not find Chen≈s remaining evidence persuasive, and therefore concluded that she did not meet the standard for reopening.

After a careful review of the record, we conclude that substantial evidence supports the BIA≈s finding that Chen≈s documentary evidence did not establish materially changed circumstances warranting reopening of her case.[3]  Given the date of the 1995

---

[3] In her motion, Chen relied upon our decision in Guo v. Ashcroft, 386 F.3d 556 (3d Cir. 2004), wherein we found that reopening was warranted based upon the alien≈s personal change in circumstances (i.e., the birth of one child and a verified second pregnancy) and documented evidence, including the Aird affidavit, which was sufficient to establish prima facie eligibility for asylum.  However, as the BIA correctly concluded,

INS profile, this document clearly could have been discovered or presented at the previous hearing in April 2001. See 8 C.F.R. _ 1003.2(c)(3)(ii). The 2003 family planning document and the 2005 news article concern provinces other than Fujian Province (specifically, Hunan Province and Jieshi Township in Guangdong Province). Moreover, we fail to see that they contain any information sufficiently convincing to overcome the BIA=s conclusion, based upon recent State Department Reports, that the Chinese government does not have a national policy of requiring forced sterilization of a parent returning with children born outside of China. See Matter of J-W-S-, 24 I&N Dec. at 191. Finally, the value of the Aird affidavits repeatedly has been called into serious question both by this Court and by the BIA. See Zheng, 549 F.3d at 267 n.4 (AWe have rejected Aird=s position, as has the BIA.@ (citations omitted)).[4]

---

see BIA Decision at 2, n.1, Guo is distinguishable because the applicant timely filed a motion to reopen, and therefore was not limited by the Achanged country conditions@ exception set forth in 8 C.F.R. ' 1003.2(c)(3)(ii).

[4] See also Liu v. Att=y Gen., 555 F.3d 145, 149-50 (3d Cir. 2009) (quoting the BIA=s finding in J-W-S- that Athe Chinese government does not have a national policy of requiring forced sterilization of a parent who returns with a second child born outside of China.@); Yu v. Att=y Gen., 513 F.3d 346, 349 (3d Cir. 2008) (upholding the BIA=s conclusion that asylum applicants= claim relying upon the Aird affidavit was undermined by information in recent State Department Reports, which constitute substantial evidence); Matter of J-W-S-, 24 I&N at 189-90 (BIA 2007) (AWe therefore find that the evidence of record [primarily, two Aird affidavits] does not demonstrate that the Chinese Government has a national policy of requiring forced sterilization of parents who return with a second child born outside of China.@); In re C-C-, 23 I&N Dec. at 902-03 (concluding, inter alia, that Athe affidavit . . . contains no evidence that returnees have been sterilized@ and that the 2005 State Department Report contradicts and is more persuasive than the Aird affidavit)

In her appellate brief, Chen attempts to bolster her claim by relying upon information in a 2005 State Department Country Report. That report does not appear in the administrative record; accordingly, we may not consider it.[5] See INA ' 242(b)(4)(A) [8 U.S.C. ' 1252(b)(4)(A)]; Berishaj v. Ashcroft, 378 F.3d 314, 331 (3d Cir. 2004) (AIt is a salutary principle of administrative law review that the reviewing court act upon a closed record.@). We note, however, that we have previously upheld the BIA=s conclusion that the 2005 State Department Report contradicts the Aird affidavit and sets forth substantial evidence that may undermine a petitioner=s asylum claim based upon coercive family planning practices in China. See, e.g., Yu, 513 F.3d at 348-49; see also In re: C-C-, 23 I&N Dec. at 902 (AWe also note that the latest documents on country conditions issued by the State Department [in 2005] conflict with the views of Dr. Aird.@).

Based upon the meager supporting evidence that Chen supplied, we cannot conclude that the BIA abused its discretion in denying the motion to reopen.[6]

---

[5] While we have specifically called upon the BIA to consider current country information where possible so that our Court may avoid review of administrative records Aso out-of-date as to verge on meaningless,@ we have not adopted the approach of considering new state department country reports if they were not considered by the BIA in the first instance. See Berishaj, 378 F.3d at 329-30.

[6] We note that the Court of Appeals for the Second Circuit has upheld a BIA decision denying a motion to reopen supported by substantially stronger evidence of relevant country conditions than Chen presented here, including government documents issued by Fujian Province concerning enforcement of its family planning policies. See Shao v. Mukasey, 546 F.3d 138, 170-71 (2d Cir. 2008)

8

## III. Conclusion

For the foregoing reasons, we will deny the petition for review.